BOUSA, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 90–12–00658

(Dated July 21, 1998)

*Herbert Peter Larsen,* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(John J. Mahon);* of counsel: *Edward N. Maurer,* Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, for defendant.

## OPINION AND ORDER

MUSGRAVE, *Judge:* This action is before the Court on plaintiff's Motion for Partial Summary Judgment and Severance. The motion is: (1) denied as to Entry Nos. 4602–86–103263–1, 1001–458–0000104–7, and 1001–458–0000565–9; and (2) granted as to Entry No. 4602–86–101202–0.

## BACKGROUND

The subject matter of this dispute is twelve entries of petroleum distillates imported from Romania by plaintiff Bousa, Inc. ("Bousa"), formerly known as Bulk Oil (USA), Inc. The merchandise was liquidated by defendant the United States Customs Service ("Customs") as "Motor Fuel" under Item 475.25 of the Tariff Schedules of the United States ("TSUS") at the rate of 1.25 cents ($0.0125) per gallon. Bousa unsuccessfully protested Customs' classification arguing that the merchandise should have been classified as "[n]aphthas derived from petroleum, shale oil, natural gas, or combination thereof (except motor fuel)" under TSUS Item 475.35, or, alternatively, as "[m]ixtures of hydrocarbons not specifically provided for * * *" under TSUS Item 475.65, and reliquidated at a duty rate of .25 cents ($.0025) per gallon.

Bousa moves for summary judgment and severance as to four of the twelve entries, Nos. 4602–86–03263–1, 1001–458–0000104–7, 1001–458–0000565–9, and 4602–86–101202–0. Subsequent to filing this motion, Bousa abandoned its claim to Entry No. 4602–86–101202–0 after Customs reliquidated that merchandise under TSUS Item 475.65 at the desired rate of .25 cents ($.0025) per gallon.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact * * * and the moving party is entitled to judgment as a matter of law." USCIT R. 56(d); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Where a genuine issue as to material facts exists, summary judgment must be denied. The Court has jurisdiction under 28 U.S.C. § 1581(a) (1994).

## DISCUSSION

Bousa alleges that it is entitled to summary judgment based on Customs' failure to properly test the subject merchandise in accordance with the American Society for Testing and Materials Standard D–439 ("ASTM D–439"). Customs admits that it did not *report* results for each of the ASTM D–439 tests but argues that the tests were nonetheless *performed* by either Customs or a private laboratory under the employ of Bousa. Since it remains in dispute as to whether the ASTM D–439 tests were performed, the Court must deny Bousa's motion for summary judgment and severance as to Entry Nos. 4602–86–103263–1, 1001–458–0000104–7, and 1001–458–0000565–9. As to Entry No. 4602–86–101202–0, the Court finds that since Customs reliquidated this entry at the rate requested by Bousa, the motion for summary judgment and severance is granted.

## CONCLUSION

Therefore, upon reading plaintiff's Motion for Severance and Partial Summary Judgment, defendant's response thereto, and upon due consideration of all other papers and proceedings had herein, it is hereby

ORDERED that plaintiff's Motion for Partial Summary Judgment and Severance as to Entry Nos. 4602–86–103263–1, 1001–458–0000104–7, and 1001–458–0000565–9 be, and hereby is, denied; and it is further

ORDERED that plaintiff's Motion for Summary Judgment and Severance as to Entry No. 4602–86–101202–0 be, and hereby is, granted; and it is further

ORDERED that Entry No. 4602–86–101202–0 is severed from this consolidated action, and is dismissed; and it is further

ORDERED that the parties shall confer, agree upon and submit a scheduling order in this case setting a trial date to determine the genuine issues of material facts that remain in dispute, and that such scheduling order shall be due within 30 days of the issuance of this Order.